**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re

Kathy Ann Snyder

                                        CHAPTER   13
                                        CASE NO.   8:21-bk-00269-RCT

       Debtor
_____/

## RESPONSE TO AMENDED MOTION TO APPROVE COMPROMISE

      GROW FINANCIAL FEDERAL CREDIT UNION("Creditor"), responds to the Amended Motion to Approve Compromise of Controversy (Doc. No. 30), filed by the Debtor and states:

    1.    The Debtor filed a Voluntary Petition under Chapter 13 on January 25, 2021.

    2.    On February 9, 2021, Creditor filed a Proof of Claim (claim no. 5), which reflects a secured amount of $10,950.00 and an unsecured amount of $4,154.04 for a total claim in the amount of $15,104.04.

    3.    On April 16, 2021, an Order Granting Motion to Determine Secured Status of Grow Financial Federal Credit Union (Doc. No. 15) was entered by the Court. The Order provided that Creditor would have a secured claim in the amount of $10,000.00 and an unsecured claim in the amount of $5,104.04.

    4.    On December 9, 2021, an Order Confirming Plan (Doc. No. 24) was entered which provided for payments to Creditor per the Order

    5.    An Amended Motion to Approve Compromise of Controversy was filed on October 30, 2024 by Debtor.

    6.    Debtor is requesting that Creditor release its lien prior to entry of discharge.

    7.    Creditor asserts that due to the vehicle being damaged in a total loss accident, Creditor is entitled to the amount of the insurance settlement proceeds to pay its total claim and not just the amount that is still owed on the secured portion of the claim. *In re Strzelecki*, 509

B.R. 671 (Bankr. W.D. Ark. 2014).

8. "[T]he holder of an allowed secured claim will retain the lien securing its allowed secured claim until either (1) the debtor receives a discharge under § 1328 or (2) the underlying debt under nonbankruptcy law has been paid. The focus is no longer on the "lien securing such claim"; rather, the focus is on the underlying debt under state law. See, e.g., *In re Williams*, 367 B.R. 625, 628-29 (Bankr. N.D. Ill. 2007).

WHEREFORE, Creditor requests that the Court enter an Order denying the Debtor's Motion and further determine that Creditor is entitled to $5,104.04 in insurance proceeds, less any amount paid on its unsecured claim.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on November 12, 2024, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Kathy Ann Snyder, 10810 Armitage Dr, Seffner, FL 33584; Jay M. Weller 25400 US Highway 19 North, Suite 150, Clearwater, FL 33763; Kelly Remick, Trustee Post Office Box 89948, Tampa, FL 33689.

/s/ Nicole Mariani Noel
Nicole Mariani Noel

2427917/jaw